CURLEY PAULY v. THE STATE.

No. 7471. Decided December 20, 1922.

**Theft Over the Value of Fifty Dollars—Competency of Witness—Rule Stated—Innocent Intent.**

The general rule is that where one who has taken part in the commission of an offense endeavors by his own testimony to show his innocent intent, his relation to the crime becomes a question of fact and the jury must determine whether he was an accomplice. However, the rule is changed when other witnesses testify to innocent intent, and under the instant case there was no error in refusing to instruct the jury to determine whether defendant was an accomplice witness, and the judgment is affirmed.

Appeal from the District Court of Wichita. Tried below before the Honorable H. R. Wilson.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Buel R. Wood,* and *Shields Heyser,* for appellant.—Cited Arrera v. State, 42 Texas, 250; Thomas v. State, 43 id., 658; Johnson v. State, 125 S .W. Rep., 15.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for theft; punishment fixed at confinement in the penitentiary for a period of two years.

The property stolen was a swivel valued at $450.00. It weighed about 450 or 500 pounds.

To connect the appellant with the offense, the State used the witness Anderson. He testified that he passed along the road at night and saw some men and a wagon at a pump belonging to a certain oil company; that he spoke to them and that he found there one, Billy O'Quinn; that O'Quinn presented a gun and asked the witness what he was doing; that O'Quinn demanded that he sit down and talk to him and that he promise to keep secret the fact that the swivel was being stolen; that the swivel which had been loaded on the wagon fell off and the witness, with the aid of appellant and O'Quinn, put it back on the wagon; and he also gave them some directions as to how to keep it there; that the witness and O'Quinn left the premises together about twelve o'clock at night. The witness claimed that he reported the transaction to the owner of the property. The owner also testified to the fact that the witness had reported the transaction to him on the same night, a very short time after it occurred.

Doubtless it is a general rule that where one who has taken part in the commission of an offense endeavors by his own testimony to show his innocent intent, his relation to the crime becomes a question of fact and the jury must be called upon to determine whether or not he was an accomplice witness. An exception to this rule obtains, however, when the innocent intent is shown, without controversy, by witnesses other than the supposed accomplice. See Minter v. State, 70 Texas Crim. Rep., 644; Penn v. State, 43 Texas Crim. Rep., 608; Clay v. State, 40 Texas Crim. Rep., 560; Johnson v. State, 3 Texas Crim. App., 590; Wright v. State, 7 Texas Crim. App., 574; Sanchez v. State, 48 Texas Crim. Rep., 591; Chitister v. State, 33 Texas Crim. Rep., 635; Smith v. State, 89 Texas Crim. Rep., 145; Howard v. State, 92 Texas Crim. Rep. 221, 242 S. W. Rep., 744.

The evidence in the instant case, we think, brings the witness Anderson within the exception to the rule, and it is believed that under the facts revealed by the record, there was no error in refusing to instruct the jury to determine whether or not he was an accomplice witness.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*