CHARLIE LAMONOCO V. THE STATE.

No. 16099.   Delivered November 1, 1933.
Rehearing Denied January 24, 1934.
Reported in 67 S. W. (2d) 317.

The opinion states the case.

*Henry Juergens* and *Hughes & Monroe,* all of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, three years in the penitentiary.

The record is here without any bills of exception or complaints of procedure. The facts sufficiently show that on a certain day a salesman of automobile accessories loaded up his truck with several hundred dollars worth of such goods in Dallas, Texas, and started out to make his daily run. In one of the suburbs of Dallas where he left his truck for a few minutes it disappeared with its valuable contents. Some time during that day, or in a day or two later, appellant turned up with the truck and its contents, most of the latter of which he dis-

posed of for a consideration of $200.00. It was shown that he was in the vicinity of the place where the truck was left at the time of its disappearance. Appellant attempted to establish an alibi. Settlement of conflicting testimony is a question for the jury, and we think there is sufficient testimony in this case to justify the jury in making settlement of same adverse to the claim of not guilty.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The motion for rehearing asserts that the evidence is insufficient and that the state's witness, J. E. Marshall, was an accomplice as a matter of law. These matters were considered upon the original hearing. The evidence not embraced in the original opinion may be briefly summarized as follows: The appellant, a short time after the property was stolen, sold it to the witness Marshall. Some time later, officers in search of the property discovered it in the possession of Marshall, who had it on display in his public place of business. Marshall told the officers that he had bought the property from the appellant, stating the circumstances in detail. He denied that at the time of the purchase of the property he had any information which would advise him that it was stolen.

Marshall and his wife both testified upon the trial. His testimony was in accord with the above statement that he purchased the property without any knowledge that it was stolen. His wife corroborated him with reference to his putting it immediately upon display.

The appellant did not testify upon the trial.

The court gave a charge on accomplice testimony in accord with article 718, C. C. P., instructing the jury to disregard Marshall's testimony unless the corroboration was sufficient.

The facts, if believed, are manifestly sufficient to support the verdict. Marshall's explanation as to how the property came into his possesion and the manner in which he treated it after receiving it are deemed sufficient to justify the submission to the jury of the question as to whether Marshall was an accomplice and to support the finding of the jury that he was not an accomplice.

The motion for rehearing is overruled.

*Overruled.*