SETH HOLMES V. THE STATE.

No. 16230.   Delivered January 17, 1934.
Rehearing Denied February 14, 1934.
Reported in 68 S. W. (2d) 189.

The opinion states the case.

*Lamar Bethea,* of Bryan, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

Without question a store was burglarized and meat, lard, tobacco and other property taken therefrom during the nighttime. The testimony clearly shows that the burglary was by force applied to the building. Shortly after the date of the alleged burglary appellant sold to witness Miles some goods of the same kind and character as those taken from the alleged burglarized store. There was one particular piece of plug tobacco which had been cut by a knife while in the store, which furnished the chief means of identification of the property. We deem the evidence sufficient.

There is but one complaint of procedure. Appellant presented a special charge asking that the court instruct the jury as a matter of law that witness Miles was an accomplice. This charge was refused. We do not think any error appears in this action of the court. Miles was shown to be an employee in a pool hall in Bryan, working for one DeHart. Miles testified that appellant came down to said place one night with some tobacco of various kinds in two sacks and wanted to sell it to witness. Witness told him that he would have to refer the matter to Mr. DeHart, the owner and proprietor of the business. He testified that he saw Mr. DeHart that night and told him of the offer of the stuff by appellant, and DeHart gave him three dollars and told him to buy it if it looked like it was worth the money. He said he bought it from appellant and put it in a show case where it was found by the officers. When the officers found it Miles told them all the facts and circumstances attending the purchase as they seem to have developed in the testimony. There was no effort at concealment by him, and nothing in the record shows that he knew or had reason to know that the property was stolen. We fail to find anything in the record to suggest that the court should have told the jury as a matter of law that Miles was an accomplice.

No error appearing, the judgment will be affirmed.

*Affirmed.*

ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that we were wrong in holding that the court was not required to submit a charge

*permitting* the jury to determine whether Miles was an accomplice witness.

The omission from the charge of any instruction whatever on accomplice testimony was called to the trial judge's attention by the following written objections:

"The defendant calls attention to the Court that the witness, Charley Miles, is an accomplice; that the Court in his general charge has failed to charge the jury that said witness is an accomplice, and fails to charge the jury of the law of accomplice testimony. That the defendant here now submits to the Court his special charge on accomplice testimony.

"Wherefore defendant prays the Court to correct his general charge and charge the jury that the witness, Charley Miles, is an accomplice, and that before they can convict the defendant his testimony would have to be corroborated."

The special charge referred to in the written objections was an instruction telling the jury that Miles was an accomplice witness as a matter of law. Under the facts, the court was not called on to give the instruction requested. The objections to the charge for the omission mentioned and the requested charge bring this case squarely within the purview of Turner v. State, 112 Texas Crim. Rep., 245, 16 S. W. (2d) 127. In writing on the motion for rehearing in that case we said: "It would be an unusual case where objection was being urged that a certain witness was an accomplice as a matter of law that did not also direct the court's attention to an investigation as to whether the evidence raised an issue of fact regarding the status of such witness."

So in the present case we believe if the evidence raised the issue of Miles being an accomplice witness, the point was brought to the court's attention in such a way that it should have been submitted to the jury. We apprehend that the court declined to submit the issue because he was of opinion that it was not raised by the evidence.

It is the general rule that where one is shown to be connected with an offense, or the fruits of the crime, in such way as to characterize him as an accomplice witness unless his connection therewith be of an innocent nature, said witness cannot by his own testimony alone establish his innocent intention. But whether his relation to the crime under such circumstances is such as to make him an accomplice witness becomes a question of fact to be determined by the jury under appropriate instructions. An exception to this rule obtains, however, when the innocent connection is shown without controversy by witnesses other than the supposed accomplice himself. Pauly v.

State, 93 Texas Crim. Rep., 183, 246 S. W., 375, and cases therein cited. In addition to what was said in our original opinion regarding Miles' connection with the tobacco claimed to have been taken from the burglarized store, we refer to some other matters. The money paid by him for the articles was not his money. It was furnished by Mr. DeHart, the man who owned the pool hall. It does not appear that Miles was in any way interested in the proceeds to be derived from the resale of the property. He had no knowledge at the time he bought the property that a burglary had been committed, and DeHart had no such knowledge at the time he furnished the money to pay for it. DeHart learned of the burglary the next day after the purchase. He immediately notified the officers of the transaction by which Miles had come into possession of the stolen property. When the officers went to see Miles about it he had no knowledge that DeHart had been in communication with the officers, but upon the first interrogation from them he told them all about the purchase, when it was made, the price, how paid, and from whom he bought it. Miles' conduct does not comport with that of one having guilty knowledge of handling stolen goods. The open display of the property for sale, the testimony of DeHart, and the evidence of the officer who talked to Miles about the matter, in our judgment, show Miles' innocent connection with the transaction, independent of Miles' own testimony. We therefore conclude that the evidence did not raise the issue of Miles being an accomplice witness, and therefore the failure of the court to submit such matter to the jury was not error.

The motion for rehearing is overruled.

*Overruled.*