RUSSELL PACHECO v. THE STATE.

No. 17334.   Delivered March 13, 1935.
Rehearing Denied May 1, 1935.

474

The opinion states the case.

*Burris & Benton*, of Houston, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary of a private residence; the punishment, confinement in the penitentiary for five years.

We are unable to agree with appellant's contention that the evidence is insufficient. William Charles Porter, the owner and occupant of the burglarized residence, testified, in substance, as follows: "On the night of November 18, 1933, he locked the doors and windows of his house. About 4:30 a. m. appellant entered his room and awakened him by feeling of his side. He attacked appellant and they engaged in a scuffle. Appellant said: "I will kill you." Disengaging himself, appellant left the house through a window. After appellant left the witness found that his watch was gone.

Appellant was arrested several blocks away from the burglarized house at 5 a. m. on the date of the burglary. The arresting officers found no watch or other property of Mr. Porter in his possession.

Testifying in his own behalf, appellant denied that he entered Mr. Porter's residence. His affirmative defense of alibi was supported by the testimony of other witnesses.

Several bills of exception are brought forward in which appellant complains of the action of the trial court in declining to permit him to question jurors on their voir dire examination concerning any prejudice they might entertain toward Mexicans. The court qualified said bills of exception, without objection on the part of appellant. The qualifications show that

appellant's right to interrogate the juriors was not restricted and that the court permitted appellant to interrogate the jurors individually. As qualified, the bills fail to reflect error.

The judgment is affirmed.

*Affirmed*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The sufficiency of the evidence is challenged upon the contention that the testimony is not adequate to support the averment of force in entering the premises. The trial court who heard the evidence regarded it as presenting a question of fact for the jury.

The witness Porter testified in substance that he retired in his room about one o'clock at night. Before going to bed, he closed the house. The doors and windows were shut as well as the screens on the doors and windows. He was aroused by some one feeling his side and discovered that there was a man in his room. He attempted to turn on the light but found that it had been disconnected. When he succeeded in turning on the light the man who was in the room ran away. While tussling with the intruder the witness saw his face. The intruder fled through a window which was closed and fastended but which at the time of the escape had been broken open. The witness grabbed the leg of the intruder and the light shone clearly in his face. The witness then grabbed the intruder who said: "I will kill you." The witness recognized that the language used was such as he had heard used by Mexicans or persons of Spanish decent. The intruder hit on the screen and made escape. On cross-examination the witness said: "I know this man broke into my house. * * * He had an accomplice with him in a car waiting for him in front of my house." The witness made a mental note of the clothing and of the face of the intruder. The appellant was arrested after the occurrence and brought to the home of the prosecuting witness, who identified him without qualification by his appearance, voice and wearing-apparel.

A police officer testified that after receiving from the prosecuting witness a description of the intruder, the officer arrested the appellant. His appearance agreed with the description previously given by the prosecuting witness. When

arrested the appellant was about eight or ten blocks from the place of the alleged offense.

On redirect examination the prosecuting witness reiterated his former statement to the effect that the means of entrance to his house were all closed and locked when he retired about one o'clock at night and that there was no means by which the intruder could have entered the house except by breaking in. Other members of the family of the prosecuting witness verified his statement that the condition of his house on the night of the alleged offense was such that it could be entered by the intruder only through force from the outside.

In the light of the evidence, this court finds itself in no position to declare that both the jury who found the verdict and the district judge who approved the verdict and overruled the motion for new trial were wrong in concluding that the evidence was sufficient to show that the burglary was committed and that the appellant was the offender.

At the instance of counsel for appellant, we have re-examined the evidence and the record to the best of our ability, and as indicated above, are constrained to overrule the motion for rehearing. It is so ordered.

*Overruled.*