H. R. Bishop and W. E. Myres, both of Fort Worth, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is theft; the punishment, confinement in the penitentiary for four years.

On the 3d of November, 1934, Will Massey lost a Ford coupé from his garage in Itasca, Tex. Gabe Haby, a witness for the state, testified that about the 15th of November, 1934, appellant delivered said automobile to him in San Antonio, Tex. As appellant's agent, he sold the car to Otto Sittre for $450. The witness had bought other automobiles from appellant. He testified that he did not know the car had been stolen until the officers investigated the matter. In short, his testimony, if believed, showed an innocent intent.

The court submitted to the jury the question as to whether Haby was an accomplice witness. Appellant excepted to the charge on the ground that the jury should have been instructed that the witness was an accomplice as a matter of law. We think the exception was properly overruled. The testimony of said witness, if believed, showed his innocent intent. Hence his relation to the crime became a question of fact, and it was proper to call upon the jury to determine whether or not he was an accomplice witness. Haynes v. State, 113 Tex. Cr.R. 93, 18 S.W.(2d) 1081; Billups v. State, 119 Tex.Cr.R. 57, 46 S.W.(2d) 973; Lamonoco v. State, 125 Tex.Cr.R. 231, 67 S.W.(2d) 317.

We deem the evidence sufficient to support the conviction.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

LATTIMORE, Judge.

A garage in Itasca, Hill county, Tex., was burglarized November 3, 1934, and a car taken. Witness Haby swore that about the middle of November, 1934, appellant, in San Antonio, Tex., told him he had a car to sell. Haby had a friend who told him to look out for a car for him. Haby testified he negotiated a sale of said car, which was the one taken in Itasca.

As far as we can learn from the record, this was the initial transaction between appellant and Haby. Thereafter there were others, three later transactions between the parties involving other cars found to be stolen. Haby swore he knew nothing of the car in question being stolen at the time he was informed by appellant that he had one, and at the time he negotiated the sale of same to Mr. Sittre. The only fact in the record calling the truth of Haby's testimony in question is that thereafter Haby negotiated other sales apparently involving stolen cars.

The court was not in error in refusing to tell the jury in his charge that as a matter of law Haby was an accomplice. Under the facts before us the court correctly submitted such issue to the jury.

No testimony tends to connect Haby with the original taking save the fact that a couple of weeks later he negotiated the sale of the alleged stolen car from appellant to Sittre. It is urged by appellant that the testimony in the case, which is circumstantial, does not meet the test of exclusion, that is does not exclude the fact that Haby may have been the original taker of the car. We think it does if Haby's testimony be true, which is a fact issue, and has been passed on by the jury.

The motion for rehearing is overruled.

**NORM CO. v. LEONARD'S DEPARTMENT STORE.**

No. 3422.

Court of Civil Appeals of Texas. El Paso.

Oct. 1, 1936.

Rehearing Denied Oct. 22, 1936.

Mort W. Muse, of McKinney, for appellant.

W. P. Abernathy, of McKinney, for appellee.

HIGGINS, Justice.

The court erred in admitting parol evidence varying the terms of the written contract upon which the appellant's suit is based. The evidence raises no issue of fraud which would authorize the admission of such evidence.

Reversed, and judgment here rendered in appellant's favor as prayed for.