JOBIE KING v. THE STATE.

No. 19849. Delivered October 26, 1938.
Rehearing denied November 23, 1938.

The opinion states the case.

*Shead & Aycock,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of cattle; the punishment, confinement in the penitentiary for two years.

On the 22d of July, 1937, some one stole a black "muley" bull from Grant Williams' pasture. The animal was about 18 months old and weighed between 500 and 600 pounds. The morning after the theft Williams found tracks of men in his pasture. He followed these tracks about a mile up a road leading to the home of appellant and Eugene King, Jr. He testified: "I didn't see but two different men's tracks there; there was a cow track right ahead of theirs." Pascall Hamilton, Jr., testified that on the 22d of July, 1937, appellant and Eugene King came to his home and asked him to haul a yearling to Marshall for them. Appellant said that his father had given them the yearling. The following night appellant and Eugene again appeared at his home, bringing with them "a black muley headed bull yearling." At this juncture we quote from the testimony of Hamilton, as follows: "When they came there at that time that yearling had a rope around it. I was in the house and some one hollered and I asked who it was and he said 'Jobie King' and I went out and Jobie was standing with the yearling by the truck and I turned the light on and drove the yearling in front of my truck back of the road for a convenient place to load the yearling. We loaded the yearling. All three of us did that." The witness testified further that, accompanied by appellant and Eugene King, he drove to Jack Daniels' home in the city of Marshall. When Daniels appeared appellant and Eugene told him they had a yearling they wanted to sell him. Daniels looked at the animal and finally gave appellant and Eugene King ten dollars for it. They in turn gave the witness two dollars for his services. The witness said: "I didn't know until the officers came out there that this cattle had been stolen."

Daniels testified to the fact that appellant, Hamilton and Eugene King came to his home on the occasion in question. He said:

"Eugene is the one that told me they had a yearling to sell. I saw the yearling; it was on that truck. It was a black Angus-like bull, a muley headed one. I looked at the bull; it was a solid black color. I had the bull unloaded. I then had a conversation with Gene in Jobie King's presence, relating to buying that bull. I made them an offer. I offered nine dollars for the yearling, the first time, and Jobie said I ought to make it ten; so I gave them ten. Jobie, this boy here, is the one that said I ought to make it ten. * * * After I paid the money they gave that boy [Pascall Hamilton] two dollars and they all left in that truck."

The witness testified further that he asked appellant and Eugene if they had stolen the bull. The witness said: "What made me think it might be stolen was by them bringing it in there at night. That aroused my suspicion. * * * I asked if it was stolen, mortgaged, or if they raised it and he told me they raised it, and I got a bill of sale for it." Ethel Austin, a neighbor of Daniels, testified that she was present when appellant sold a yearling to Daniels for ten dollars.

Appellant denied that he participated in the theft and gave testimony raising the issue of alibi.

We are unable to agree with appellant that the testimony shows Hamilton and Daniels to have been accomplice witnesses as a matter of law. The court properly defined the term "accomplice," advising the jury, in substance, that such term, when applied to evidence, means a person who, either as a principal, accomplice, or accessory, is connected with the crime by an unlawful act or omission upon his part, transpiring either before, at the time of, or after the commission of the offense, and whether or not he was present and participating in the crime. See Dooley v. State, 7 S. W. (2d) 96. The testimony of Hamilton and Daniels was to the effect that they did not know appellant and Eugene King had stolen the bull. Hence it was proper to call upon the jury to determine whether or not they were accomplice witnesses. It is the general rule that, where one who has taken part in the commission of an offense, endeavors by his own testimony to show his innocent intent, his relation to the crime becomes a question of fact, and the jury must be called upon to determine whether or not he is an accomplice witness. However, when the innocent intent is shown without contro-

versy by .witnesses other than the supposed accomplice, an exception to the rule obtains. Pauly v. State, 246 S. W. 375; Benavides v. State, 60 S. W. (2d) 436.

The first bill of exception was refused by the court and therefore is not entitled to consideration.

Appellant bases his contention that the evidence is not sufficient to support the conviction upon the assumption that Hamilton and Daniels were accomplice witnesses. We have hereinbefore expressed the opinion that said witnesses were not accomplices as a matter of law.

We deem the evidence sufficient.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—The appellant complains in his motion because the court refused to submit to the jury an instruction as to whether or not the witness Hamilton was an accomplice. In paragraph four of the court's charge we find that the trial court did submit to the jury to determine the fact as to whether or not the witness Hamilton was an accomplice as therein defined.

In his second ground of complaint he alleges that the court refused to allow Harry McGee to testify that he would not believe the witness Daniels under the sanctity of an oath in a court of justice. The court in his qualification to such bill says that Mr. McGee was not offered at all as a witness, and, therefore, that such question was not asked.

We think that this case has been heretofore properly disposed of, and the motion is therefore overruled.