## J. F. McCutcheon v. The State

No. 21342. Delivered February 19, 1941.
Rehearing Denied March 26, 1941.

The opinion states the case.

*V. M. Toomey,* of Houston (*King C. Haynie,* of Houston, of counsel on appeal only), for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of burglary with intent to steal, and was sentenced to serve a term of two years in the penitentiary.

There is only one proposition presented to us suggesting an error in this trial. That proposition is contained in appellant's request to the trial court to instruct the jury that the witness, Mr. Matthews, was an accomplice, and in the event of the refusal of such instruction, then that the court submit the fact of such accompliceship to the jury.

Mr. Matthews testified that he knew appellant by sight but not by name. That appellant had bought a little material from him, and sold him some secondhand plumbing fixtures in the past, and that no question was ever raised as to the title of such fixtures. That on the date in question appellant came into Matthews' secondhand store early in the morning and inquired if he, Matthews, would buy some secondhand fixtures, stating that he had been out rabbit hunting and had stumbled on some merchandise, and he wanted to know if Matthews would buy it. This conversation seemed to have taken place openly, as there was an officer present at such time. Matthews agreed to buy the same, if it was all right, and later appellant brought into the place of business of Matthews a commode, a wash basin and a lavatory and placed them on the floor among other secondhand goods. At such time there were four or five customers in Mr. Matthews' place. Mr. Matthews agreed to pay $32.00 for the goods thus purchased from appellant, and, after waiting on his customers, he prepared a bill of sale to such goods, which the appellant signed with the name of R. B. Lee. The dealer paid a portion of the purchase price, but on account of not having enough money to complete the payment, appellant was to return for the remainder of the money later on. Later on, in a few days, Mr. Gallagher, the owner of the alleged burglarized house, came into Matthews' place of business for the purpose of purchasing some secondhand fixtures to replace the ones taken from his house, and there found the very property taken from his house, and positively identified same. Matthews then identified appellant as the person who sold him the alleged stolen property, which property was openly exhibited on the floor of

such dealer's business house where other wares were also exhibited.

We are of the opinion that this testimony does not in any way connect the dealer Matthews with any burglary of the house, nor does his conduct savor of any guilty knowledge that such articles were the fruit of a burglary or were stolen; but instead we think such conduct evidences an innocent intent on such dealer's part, and a belief in the valid title of appellant to such goods.

Mr. Branch in his Penal Code, p. 361, says:

"Proof merely that the witness purchased, received, or helped kill or dispose of the stolen property, will not make his testimony that of an accomplice, when there is no proof of facts which would put such witness on notice that there was something wrong with the property," citing many cases.

Also see Vick v. State, 102 S. W. (2d) 1060; Holmes v. State, 68 S. W. (2d) 189, and Pauly v. State, 246 S. W. 375.

We think the trial court was correct in refusing to charge the the dealer was an accomplice, and also correct in refusing to submit the matter of such accompliceship to the jury for their determination.

Appellant offered no testimony, nor affirmative defense.

The judgment is affirmed.

### ON MOTION FOR REHEARING

BEAUCHAMP, Judge.

Appellant files his motion for rehearing in this case and alleges as ground therefor that there is no evidence of "breaking" into the house in question. Mr. Gallagher, the owner of the house, testified that he had moved out of this place to a new one and that a few days thereafter he was notified of the theft of property from his house, and that when he got there he found the several articles mentioned were gone. He said, "those things were in the house when I moved out of it. When I closed the place was when I left; I don't know for sure whether I later closed it again. * * * I am positive that my place was closed when I left there. The doors and windows were closed. * * * This was the following Monday after my attention was called to the fact that my place was entered."

The evidence shows that the house was closed and that the

things were taken out between the visits of the owner to it without his consent. How is it possible for that to have been done without a breaking into the house by someone? Appellant was found in possession of the goods.

We recognize the doctrine laid down in Tex. Jur. Vol. 7, page 852, to the effect that mere possession of goods recently stolen, "without evidence of a breaking of the house", would be insufficient to prove the essentials of the allegation in this case, but we think the foregoing evidence of Mr. Gallagher meets the requirements of Strickland v. State, 78 S. W. 689, in which Judge Davidson used the following language:

"It has been held that possession of recently stolen property taken from the burglarized house is a sufficient predicate to justify a conviction for burglary, but in all those cases, so far as we are aware, *an entrance to the house by somebody was a necessary condition as a predicate for the burglary conviction.* The mere possession of recently stolen property, without evidence of a breaking, is not sufficient to show a burglary. If the breaking is proved, and the party is recently thereafter found in possession of the property taken from the house, it would perhaps be sufficient to justify the conviction for the burglary; * * * ."

It was concluded in that case that the evidence was insufficient to show a break by Strickland, but this is based on the fact that appellant was in the house at the time the stolen property was placed in a trunk and he had the opportunity to take it while he was in the house lawfully. We find no trouble in distinguishing that case from the case at bar.

The motion for rehearing is overruled.