JACK G. GARDNER V. STATE.

No. 26,733. January 13, 1954.

No attorney for appellant of record on appeal.

*William H. Scott,* District Attorney, *King C. Haynie,* Assistant District Attorney, Houston and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is burglary, with two prior felony convictions alleged to enhance the punishment; the punishment, life.

Mrs. Reid testified that appellant and one Bagley had been employed to paint the apartment in which she lived alone; that they had been engaged in so doing for several days prior to April 15; that on said day the appellant came to her apartment, and she told him that she was going out of town for several days and that he would have to wait for her return to finish the painting. The witness stated that during such conversation the appellant complained that his eyes hurt, and she gave him a pair of colored eyeglasses which had belonged to her deceased husband; that thereafter she closed and locked her apartment and went on her visit. Mrs. Reid stated that she returned from the visit on April 18 and upon entering the apartment discovered that her radio, which had been there when she left, was gone. She stated that after some time she noticed the colored glasses which she had given the appellant lying on her bed and called the police. She stated that the police had subsequently returned her radio.

Officer Hooper testified that he went to Mrs. Reid's apartment to investigate a burglary and found two or three marks on the door facing at about the level of the lock.

Bagley testified that he and appellant had been engaged in painting Mrs. Reid's apartment; that he had observed Mrs. Reid's radio and that during Mrs. Reid's absence appellant brought a radio similar to the one he had seen in her apartment

and offered to sell it to him, telling him that he had found it in a garbage can. Bagley stated that he had declined to purchase it.

Ellia LeBlanc testified that on April 17 or 18 she bought a radio from the appellant and that Officer Smith came and got the radio from her the following Sunday.

Officer Smith testified that he recovered a radio from one Ellia LeBlanc and returned it to Mrs. Reid and that she identified it as being her property.

The prior convictions were stipulated.

The evidence shows that the radio was in the apartment when Mrs. Reid locked the door and left and was not there when she returned. This, we think, is sufficient under the authority of Kubacak v. State, 59 Tex. Cr. Rep. 165, 127 S. W. 836, Pacheco v. State, 128 Tex. Cr. Rep. 473, 81 S. W. 2d 690, and McCutcheon v. State, 141 Tex. Cr. Rep. 414, 148 S. W. 2d 1093.

Finding no reversible error, the judgment of the trial court is affirmed.