**Jack G. GARDNER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 26733.**

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

Rehearing Denied Dec. 6, 1972.

Sam R. Wilson, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner [1].

This is an out of time appeal from a conviction of burglary. The punishment, enhanced under Article 63, Vernon's Ann. P.C., life.

The sufficiency of the evidence to support the conviction is challenged.

Mrs. Beulah Reid testified she locked her apartment at 2118 Travis Street, Houston, before leaving for a visit with her daughter in Lake Jackson on April 15, 1953. When Mrs. Reid returned to her apartment on April 18, 1953, she discovered that her radio, which had been there when she left, was gone. Appellant and one Bagley had been painting Mrs. Reid's apartment, and when they came to the apartment on April 15, Mrs. Reid told them that she was going out of town and they would have to return at a later date to finish the painting. Upon returning to her apartment on April 18, Mrs. Reid testified that she found an old pair of eyeshades she had given appellant before leaving town when appellant had complained that his eyes hurt. She further testified that she saw appellant leave her apartment with the glasses.

Officer Hopper testified that he found two or three marks on the door facing at about the level of the lock.

Ellia LeBlanc testified that on April 17 or 18, 1953, she bought a radio from appellant. The radio about which Mrs. LeBlanc testified was identified by Mrs. Reid as being the one taken from her apartment.

■■■ Appellant was placed in possession of the radio identified as having been taken from Mrs. Reid's apartment within two or three days from the day it was stolen. Unexplained possession of property recently stolen from burglarized building is sufficient to support conviction for burglary. Beard v. State, Tex.Cr.App., 458 S. W.2d 85; Harris v. State, Tex.Cr.App., 457 S.W.2d 903; Adame v. State, Tex.Cr.App., 372 S.W.2d 545; Todd v. State, 170 Tex. Cr.R. 552, 342 S.W.2d 575. Further, the finding of the eyeshades at the burglarized premises was a circumstance tending to connect appellant with the burglary. We reject appellant's contention that the evidence was insufficient to support the conviction.

Appellant urges that the assessment of punishment under Article 63, V.A.P.C., was error in that there was no evidence that the instant offense was committed after the second alleged conviction had become final.

The appellant and State entered into a stipulation regarding the prior two convictions, and it is urged by appellant that the stipulation regarding the second conviction does not show when, if ever, the said conviction became final. The pertinent portion of the stipulation reads, "and also after the judgment of conviction in said Cause No. 352913 had become final said Jack Gardner committed the offense of forgery, a felony, on the 9th day of Sep-

[1]. The conviction from which this appeal is taken occurred in 1953. Upon direct appeal, this Court affirmed the conviction. Gardner v. State, 159 Tex.Cr.R. 289, 263 S.W.2d 560. Thereafter, on April 28, 1971, upon an appeal from a denial of petition for habeas corpus from the convicting court, this Court ordered the trial court to hold an evidentiary hearing to make findings regarding whether petitioner was indigent and denied counsel at the time of giving notice of appeal. On December 21, 1971, the trial court held a hearing in which it found that at the time of giving notice of appeal, petitioner was indigent, requested the assistance of counsel, and said request was never granted. The trial court granted an out of time appeal and appointed counsel.

tember A.D.1951, and was duly and legally convicted of said offense of forgery, a felony, in the Criminal District Court of Harris County, Texas, in Cause No. 65144, on the docket of said court, styled the State of Texas vs. Jack G. Gardner and which said court had jurisdiction of said offense of forgery, a felony."

 The appellant did not testify or offer any evidence attacking the finality of the conviction. If said conviction was not final, it became a matter of defense subject to proof. Miller v. State, Tex.Cr.App., 472 S.W.2d 269; Johnson v. State, Tex.Cr. App., 435 S.W.2d 512. No error is shown.

■ Appellant contends "the court erred in allowing Officer Hopper to testify as to his opinion of the cause of the marks upon the door of the apartment allegedly burglarized without a showing of expertise in forming such an opinion." Officer Hopper testified "the makrs (sic) they were on the door facing, where some object had been slid in the door between the door and the trim." In Williams v. State, 60 Tex. Cr.R. 453, 132 S.W. 345, testimony that an attempt had been made to wipe blood from the ax with which the killing was done was held not to be opinion testimony, but merely a shorthand statement of facts. In Williams, this Court said:

"The witnesses saw the axe, and it indicated that it had been wiped with a view of getting the blood from it. It did not take an expert to testify in regard to this matter. - It was the appearance of the axe, and it is, under our authorities, not to be considered as expert testimony, but rather as a shorthand rendering of the facts. It is just one of those things that is almost impossible to describe by giving the facts other than as was stated."

See 2 Branch's Ann.P.C., Sec. 156, p. 158, and cases cited therein; Bedwell v. State, 165 Tex.Cr.R. 143, 305 S.W.2d 372.

In the instant case, it would have been almost impossible for the witness to have related the facts concerning the marks on the door other than as was stated. The testimony that some object had been slid between the door and the trim was a shorthand rendition of the facts.

We perceive no error.

The judgment is affirmed.

Opinion approved by the Court.