Billy Joe PEADEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 45623.

Court of Criminal Appeals of Texas.

Jan. 31, 1973.

Rehearing Denied March 21, 1973.

Foreman & DeGuerin by Dick De-Guerin, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Warren White, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The appellant was convicted as an accomplice to the offense of theft; the punishment, 8 years imprisonment.

The appellant's first two grounds of error urge that the testimony of the accomplice witnesses was not sufficiently corroborated and that the evidence is insufficient to support the conviction.

A washing machine and clothes dryer, the property alleged to have been taken by Ned Ferguson, were removed from the garage of Olete Deramus without her consent at a time when no one was at home. She had purchased and fully paid for both machines six or eight months before they were taken. They were in good working order and had a value of over $50.00. The machines were recovered and returned to her by Officer Montgomery, a Houston Police Officer, two or three months after they were taken.

Ned Ferguson and a fifteen year old boy both testified they were employed by the appellant. They were sent by him in his truck to get the washing machine and clothes dryer which belonged to the complaining witness. Although they were employed by the appellant in his "repossessing" business they knew he was sending them to steal and not to repossess the machines. The appellant told them that there would be no one at home and that it would be an easy job. After removing the machines from Olete Deramus' garage they took them to the appellant's house. The appellant made a telephone call and then directed them to take the machines to the Alameda Hotel located behind Frenchy's Potomac Lounge. At the time he testified, Ferguson had been convicted for the theft of the machines and was serving a prison sentence for that conviction.

Seward Lee Jones, known as Frenchy, who was "putting in a washateria" was told by the appellant at a time prior to the theft of the machines, that he sometimes repossessed good washing machines which he could furnish Frenchy at a money saving price. Later the appellant called Frenchy and told him he had some machines for him and wanted two hundred dollars for them. Frenchy said he would have to see them first and the appellant told him he would have them delivered. Frenchy in the court room identified Ferguson and the fifteen year old boy as the persons who delivered the machines. The machines they delivered were "practically new machines" and Frenchy accepted their delivery. He paid Ferguson one hundred dollars when they were delivered. Soon after Ferguson and the boy left, the appellant "came by" and asked Frenchy how he liked the machines and asked for the balance of the payment. Frenchy gave the appellant fifty dollars and told him that he would pay the remaining fifty dollars when the appellant furnished him a bill of sale. The appellant never furnished him a bill of sale and the machines were taken from Frenchy by Officer Montgomery, a Houston Police officer. Frenchy said his "deal" was with the appellant, not with Ferguson and the boy.

The jury was instructed that Ferguson and the boy were accomplice witnesses as a matter of law.

Article 38.14, Vernon's Ann.C.C.P. requires that the testimony of the accomplice witnesses must be corroborated by other evidence tending to connect the appellant with the offense he is charged with committing and the corroboration is not sufficient if it merely shows the commission of the offense.

The corroborating testimony need not be sufficient by itself to establish the guilt of the defendant; that evidence needs only to tend to connect a defendant with the offense charged. Windham v. State, 479 S.W.2d 319 (Tex.Cr.App.1972); Cherb v. State, 472 S.W.2d 273 (Tex.Cr.App. 1971); Colunga v. State, 481 S.W.2d 866 (Tex.Cr.App.1972); Edwards v. State, 427 S.W.2d 629 (Tex.Cr.App.1968).

The evidence in the record which was offered that would tend to connect the appellant with the offense charged, being the testimony of Frenchy, is as follows:

1. Prior to the time the machines were taken the appellant had a conversation with Frenchy concerning the obtaining of washing machines for Frenchy.

2. The appellant's telephone call to Frenchy telling him he had obtained some machines for him.

3. The delivery of the machines to Frenchy by Ferguson and the boy immediately after the telephone call which was received from the appellant.

4. The appellant's appearance and collection of $50.00 for the machines right after they were delivered.

5. The appellant's failure to complete the "deal" with Frenchy by furnishing him with a bill of sale and the

failure of the appellant to collect the $50.00 balance due in payment for the machines.

 We hold this evidence tends to connect the appellant with the offense for which he was charged.

This evidence and the testimony of the complainant and the accomplice witnesses are sufficient to sustain the conviction.

 Appellant's last ground of error is that "the Court erred in failing to instruct the jury that Seward Lee Jones, alias 'Frenchy,' was an accomplice witness."

 Proof that a witness purchased stolen property will not make his testimony that of an accomplice witness when there is no evidence of facts that would put such witness on notice that the property was stolen. McCutcheon v. State, 141 Tex.Cr.R. 414, 148 S.W.2d 1093 (1941); Holmes v. State, 125 Tex.Cr.R. 354, 68 S.W.2d 189 (1934) and Allen v. State, 461 S.W.2d 622 (Tex.Cr.App.1970); King v. State, 135 Tex.Cr.R. 517, 121 S.W.2d 340 (1938).

 The payment of an inadequate price for stolen articles is not enough in itself to make the purchaser an accomplice as a matter of law. Castillo v. State, 469 S.W.2d 572 (Tex.Cr.App.1971); Wynn v. State, 154 Tex.Cr.R. 173, 225 S.W.2d 414 (1949) and Allen v. State, supra.

There was no request for a jury instruction and no objection to the court's charge concerning Jones' testimony as being that of an accomplice witness. Nothing is presented for review. Castillo v. State, supra; Washington v. State, 400 S.W.2d 756 (Tex.Cr.App.1966).

 The appellant has urged arguendo if Frenchy was not an accomplice witness his testimony is exculpatory and therefore not corroborative.

 An exculpatory statement is one made by the appellant during or subsequent to the commission of the crime which clears or tends to clear the maker from guilt or fault. Davis v. State, 474 S.W.2d 466 (Tex.Cr.App.1971); Grady v. State, 466 S.W.2d 770 (Tex.Cr.App.1971). Frenchy testified that he "figured they (the clothes washer and dryer) were repossessed." This is not a statement made by appellant. Appellant, prior to the theft, told Frenchy he was in the repossession business and sometimes got good machines. On the date of the thefts appellant called Frenchy and stated "he had some machines for me." The record does not reflect any statement by appellant that the machines were repossessed. Further, the statements made prior to the theft were made for the purpose of facilitating the disposal of the fruits of the crime and would not have cleared appellant from the theft. See Grady v. State, supra.

The judgment is affirmed.

Opinion approved by the Court.