IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1351-05






ABNER LEE COCKE, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


BOSQUE COUNTY





 Johnson, J., delivered the unanimous opinion of the Court.


O P I N I O N 



 A grand jury indicted appellant for burglary of a habitation. Tex. Penal Code § 30.02. The
state presented evidence at the guilt phase of trial that, during May 2003, appellant stole a truck, 
three rifles, a shotgun, and a handgun from the Bosque County home of Thomas Vick, his former
father-in-law. Approximately one week later, while executing a search warrant in Coryell County
on an unrelated narcotics investigation, law enforcement officials discovered the stolen truck on
property occupied by Paul Bundrant, an acquaintance of appellant. Shortly thereafter, another
acquaintance, David Sneed, turned over to police a rifle and a handgun that he had purchased from
appellant at below-market value. Sneed also told police that there were two additional rifles on
Bundrant's property. Officers returned to the property, obtained consent to search the premises, and
recovered those rifles. Bundrant later testified that appellant gave him the rifles as "rent" for
allowing appellant to stay on the property. Officers recovered the shotgun from the father of Sid
Harmon, another of appellant's acquaintances. The serial numbers on the weapons recovered by
police matched the serial numbers of the weapons stolen from Vick.

 The evidence at trial suggested that the burglary was committed by someone with intimate
knowledge of Vick's house. Vick testified that appellant had once been married to his daughter and
had been inside of his house on occasion. He also testified that he kept a spare set of keys to the
truck, along with other valuables, in a coffee can on top of a china cabinet and that the burglar was
selective; certain guns and a jewelry box had been taken from his bedroom during the burglary, while
other visible, valuable items in the home were left undisturbed. Vick also testified that appellant
likely knew of the location of the coffee can and its contents.

 Appellant argued that both Bundrant and Sneed had possessed some of the stolen firearms
and were thus accomplices either as a matter of law or as a matter of fact; he therefore requested that
an accomplice-witness instruction be included in the jury charge. Tex. Code Crim. Proc. art. 38.14. 
The trial court denied this request, and a jury convicted appellant of burglary of a habitation. A
habitual offender, appellant was sentenced to life imprisonment in the Texas Department of Criminal
Justice-Correctional Institutions Division. Tex. Penal Code § 12.42. 

 Appellant appealed, asserting in his sole claim that the trial court erred in failing to include
an accomplice-witness instruction in the court's charge to the jury. Cocke v. State, 170 S.W.3d 747
(Tex. App.-Waco 2005). The court of appeals, relying on Ferrel v. State, (1) Paredes v. State, (2) and
Prodan v. State, (3) found that: (1) appellant was entitled to an instruction on the accomplice-witness
rule because the issue was raised by the evidence and; (2) the jury should have been instructed to
determine whether Bundrant and Sneed gave reasonable explanations for their possession of the
recently stolen firearms. (4) The court also determined that the failure to provide the accomplice-witness instruction to the jury in this instance caused appellant "some harm." Consequently, the
court of appeals reversed the trial court's judgment and remanded the cause to the trial court. The
state petitioned for discretionary review, and we granted review on the state's sole ground. (5) We
reverse the judgment of the court of appeals.

The Accomplice-witness Instruction


 It is well settled that a defendant has a right to an instruction on any defensive issue raised
by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and
regardless of what the trial court may think about the credibility of the evidence. Granger v. State,
3 S.W.3d 36, 38 (Tex. Crim. App. 1999). This rule is designed to ensure that the jury, not the judge,
decides the credibility of the evidence. Id. (citing Miller v. State, 815 S.W.2d 582, 585 (Tex. Crim.
App. 1991)(op. on reh'g.)). In Texas, a conviction cannot be secured upon the testimony of an
accomplice unless corroborated by other evidence tending to connect the defendant to the offense.
Tex. Code Crim. Proc. art. 38.14. (6) The purpose of the instruction, therefore, is not to cast suspicion
on the testimony provided by the accomplice or to encourage jurors to give it less weight than other
testimony. Rather, the instruction merely reminds the jury that it cannot use the accomplice's
testimony to convict the defendant unless there also exists some non-accomplice testimony tying the
defendant to the offense. Herron v. State, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002). Non-accomplice evidence that does no more than show that the offense was committed is insufficient
corroboration. 

Determining Accomplice Status

 A witness may be an accomplice either as a matter of law or as a matter of fact; the evidence
in a case determines what jury instruction, if any, needs to be given. Gamez v. State, 737 S.W.2d
315, 322 (Tex. Crim. App. 1987). Unless the evidence clearly shows that the witness is an
accomplice as a matter of law, e.g., the witness has been, or could have been, indicted for the same
offense, a question about whether a particular witness is an accomplice is properly left to the jury
with an instruction defining the term "accomplice." DeBlanc v. State, 799 S.W.2d 701, 708 (Tex.
Crim. App. 1990). If a witness is an accomplice as a matter of law, the trial court is required to
provide an accomplice-witness instruction to the jury. Id. If, however, the parties present conflicting
or unclear evidence as to whether a witness is an accomplice, the jury must first determine whether
the witness is an accomplice as a matter of fact. Blake v. State, 971 S.W.2d 451, 455 (Tex. Crim.
App. 1998). The trial court is not required to give the jury an accomplice-witness instruction when
the evidence is clear that the witness is neither an accomplice as a matter of law nor as a matter of
fact. Gamez, 737 S.W.2d at 322. 

 An accomplice is an individual who participates with a defendant before, during, or after the
commission of the crime and acts with the requisite culpable mental state. Paredes v. State, 129
S.W.3d 530, 536 (Tex. Crim. App. 2004). Participation requires an affirmative act that promotes
the commission of the offense with which the defendant is charged. Id. An individual is clearly an
accomplice if he, like the defendant, could be prosecuted for the offense or a lesser-included offense.
Blake, 971 S.W.2d at 455 (citing Ex parte Zepeda, 819 S.W.2d 874 (Tex. Crim. App. 1991)). There
must exist evidence sufficient to connect the alleged accomplice to the criminal offense as a
"blameworthy participant," but whether the alleged accomplice-witness is actually charged or
prosecuted for his participation is irrelevant. Id. (citing Singletary v. State, 509 S.W.2d 572, 575
(Tex. Crim. App. 1974)). Mere presence at a crime scene does not make an individual an
accomplice, nor is an individual an accomplice merely because he has knowledge about a crime and
fails to disclose that knowledge. Id. at 454.

Application of Law

 Appellant contends that he was entitled to an instruction on the accomplice-witness rule
because both Bundrant and Sneed possessed some of the stolen firearms. Appellant has a right to
an accomplice-witness instruction if the issue is raised by the evidence, whether that evidence is
weak or strong, unimpeached or contradicted, and regardless of what the trial court may think about
the credibility of the evidence. Granger, 3 S.W.3d at 38. However, a trial court is not obligated to
provide an accomplice-witness instruction when it is not raised by the evidence. Gamez, 737 S.W.2d
at 322. Whether an accomplice-witness instruction is justified, therefore, requires a case-specific
and fact-specific inquiry. 

 In the present case, the evidence at the guilt phase of the trial showed that appellant gave
Bundrant two rifles as "rent" for allowing appellant to stay on the property, while appellant sold two
firearms to Sneed at below-market value. This Court has previously held that proof that a witness
purchased stolen property will not transform his testimony into that of an accomplice when there is
no evidence of facts that would put the witness on notice that the property was stolen. Peaden v.
State, 491 S.W.2d 136, 139 (Tex. Crim. App. 1973). Payment of below-market price for stolen
items, by itself, is also insufficient to make the purchaser an accomplice as a matter of law. Id. 

 No evidence in the trial record suggests that Bundrant or Sneed, acting with the required
culpable mental state, actively participated with appellant before, during, or after the commission
of the burglary of Vick's home or that Bundrant or Sneed acted in a manner to promote the offense
with which appellant was charged. Both men testified that they met appellant for the first time when
he came onto Bundrant's property with another acquaintance, Warner Massengill. At that time,
appellant already possessed the guns. Bundrant testified during the guilt phase that, although he
suspected that the white truck that appellant brought onto his property might be stolen, he had not
participated in any burglary with appellant, did not know appellant's former father-in-law or where
he lived, and was unaware that the rifles he had received from appellant as "rent" were stolen. 
Similarly, Sneed testified that he had not participated in any burglary with appellant, did not know
appellant's former father-in-law or where he lived, and was unaware that the firearms he had
purchased from appellant were stolen. 

 There was no evidence that either Bundrant or Sneed were accomplices as a matter of law
or as a matter of fact and that, of the three, appellant alone was responsible for the burglary of Vick's
home. The trial court did not err in failing to submit an accomplice-witness instruction because the
evidence did not raise the issue. 

 We reverse the judgment of the court of appeals and affirm the trial court's judgment.


Delivered: September 20, 2006

Publish
1. 55 S.W.3d 586 (Tex. Crim. App. 2001).
2. 129 S.W.3d 530 (Tex. Crim. App. 2004). 
3. 574 S.W.2d 100 (Tex. Crim. App. 1978).
4. Although a jury may draw an inference of guilt from a defendant's recent and unexplained possession of
stolen property, Hardesty v. State, 656 S.W.2d 73, 76-77 (Tex. Crim. App. 1983); Prodan v. State, 574 S.W.2d 100,
102 (Tex. Crim. App. 1978), such an inference is not conclusive evidence of even the defendant's guilt. Neither
Bundrant nor Sneed were defendants in this case. Further, their possession was not unexplained; both men testified
during the guilt phase of the trial that they either received or purchased the guns from appellant. The reasonableness
of the explanations bears on their credibility, not on their alleged status as accomplices.
5. "Is a State's witness who denies complicity in the offense for which the accused is on trial and is shown
(at worst) to be only an accessory after the fact, to be considered an accomplice witness under Art. 38.14 of the Code
of Criminal Procedure." 
6. Tex. Code Crim. Proc. art. 38.14 Testimony of Accomplice

 A conviction cannot be had upon the testimony of an accomplice unless corroborated by other
evidence tending to connect the defendant with the offense committed; and the corroboration is not
sufficient if it merely shows the commission of the offense.