STATE v. CLIFTON A. PEARCE.

(Filed 14 December, 1966.)

**1. Criminal Law § 162—**

Where excluded evidence does not appear in the record, it cannot be ascertained that its exclusion was prejudicial.

**2. Criminal Law § 70—**

Letters written by a State's witness to defendant while he was in jail awaiting trial are properly excluded when they do not tend to impeach the testimony of the witness at the trial.

**3. Criminal Law § 131—**

When a sentence is set aside on defendant's application, the former judgment does not necessarily fix the maximum punishment which may be imposed upon a second conviction, and when the court, in imposing the second sentence, takes into consideration the time served by defendant upon the former conviction, defendant has no ground to complain, even though the second sentence, together with the time served, exceeds the minimum sentence imposed in the first trial.

APPEAL by defendant from *McLaughlin, J.,* June, 1966 Conflict Session, DURHAM Superior Court.

The defendant, Clifton A. Pearce, was tried at the May Term, 1961, Durham Superior Court on a charge of rape. Upon arraignment the solicitor elected to try the defendant only for an assault on Betty Louise Honeycutt with intent to commit rape. The jury returned a verdict of guilty of assault with intent to commit rape. Judge Williams imposed a prison sentence of 12-15 years.

In 1965 the defendant applied for and obtained a post conviction review which was held on May 10, 1965, by Johnson, J., who entered an order denying relief. This Court granted *certiorari* to review the order. After consideration, a new trial was awarded upon the ground the trial court committed error in admitting, over defendant's objection, a confession made to the investigating officer, Detective Morris.

The defendant was again tried, though upon a new bill of indictment returned by the grand jury at the March Session, 1966. The new bill charged assault with intent to commit rape, whereas the original bill charged rape. The jury returned a verdict of guilty as charged. A prison sentence of eight years was imposed. The defendant excepted and appealed.

*T. W. Bruton, Attorney General, Harry W. McGalliard, Deputy Attorney General for the State.*

*Wade H. Penny, Jr., for defendant appellant.*

PER CURIAM.   The evidence adduced at the trial in 1961 and considered by Judge Johnson at the Post Conviction Hearing is reviewed in this Court's opinion reported in 266 N.C. 234. The evidence on the new trial was not essentially different. It was sufficient to survive the motion to dismiss and to sustain the verdict.

During the new trial the court sustained the solicitor's objection to certain impeaching questions asked the State's witness, Laura Mae Lassiter. However, counsel failed to insert in the record what the witness would have testified to if permitted to answer. In the absence of such answer the Court may only guess whether its exclusion was prejudicial. The record fails to make a showing of prejudice. Likewise prejudice is not shown by the court's exclusion of two love letters written by the same State's witness to the defendant while he was in jail awaiting the second trial. She was examined about the contents of the letters which she admitted writing. These did not tend to impeach her testimony at the new trial. One of the letters contained a statement reflecting on the conduct of the prosecutrix. Prejudice in the exclusion is not shown.

After verdict, the court tendered this judgment:

"It is the intention of this Court to give the defendant a sentence of fifteen years in the State Prison; however, it appears to the Court from the records available from the Prison Department that the defendant has served 6 years, 6 months and 17 days flat and gain time combined, and the Court in passing sentence in this case is taking into consideration the time already served by the defendant. IT IS THE JUDGMENT of this Court that the defendant be confined in the State's Prison for a period of eight years."

The defendant excepted to the judgment, contending that on the first trial Judge Williams imposed a sentence of 12-15 years; that the evidence then was essentially the same as that produced at the trial before Judge McLaughlin, who should not have increased the punishment over the minimum imposed by Judge Williams; that credit for the time served should be applied on the sentence of 12 years. Otherwise the defendant will be penalized by his appeal.

If a sentence is set aside on a defendant's application, the former judgment does not necessarily fix the maximum punishment which may be imposed after a second conviction. *State v. Weaver*, 264 N.C. 681, 142 S.E. 2d 633. The defendant contends that any increase in the punishment is in the nature of a penalty and is in violation of his constitutional rights, citing *Patton v. North Carolina*, 256 F. Supp. 255. We adhere to our former decisions. In the trial and judgment we find

No error.