Waddell **JOHNSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41773.

Court of Criminal Appeals of Texas.

Jan. 8, 1969.

John W. Overton, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and F. M. Stover, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is possession of marihuana with two prior convictions for non-capital felonies alleged for enhancement; the punishment, life.

The sole ground urged as error is that the state failed to prove the finality of the convictions in 1950 and 1962 which were alleged for enhancement.

To support the allegations of the prior convictions, the state introduced from the records of the Texas Department of Corrections certified copies of the judgments and sentences together with fingerprint and photograph records, and the testimony of a fingerprint examiner that the prints were identical with those of the appellant which he took and which were introduced in evidence. This method of proof has been approved. Broussard v. State, Tex.Cr.App., 363 S.W.2d 143; Graham v. State, Tex.Cr. App., 422 S.W.2d 922; Denham v. State, Tex.Cr.App., 428 S.W.2d 814.

The judgments and sentences in the prior convictions appear regular on their face. No notice of appeal is shown to have been given. The proof sufficiently shows the prior convictions alleged. If said convictions were not final, it became a matter of defense subject to proof. Ellis v. State, 134 Tex.Cr.R. 346, 115 S.W.2d 660; Broughton v. State, 148 Tex.Cr.R. 445, 188 S.W.2d 393; Whiddon v. State, 160 Tex. Cr.R. 23, 266 S.W.2d 167; Woolsey v. State, 166 Tex.Cr.R. 447, 314 S.W.2d 298;

Smothermon v. State, Tex.Cr.App., 383 S.W.2d 929.

The appellant did not testify or offer any evidence attacking the finality of the prior judgments of conviction.

The ground of error is overruled.

The judgment is affirmed.

DOUGLAS, J., not participating.