Bruce **MILLER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44068.

Court of Criminal Appeals of Texas.

Nov. 2, 1971.

Fred R. Disheroon, Clower & Stanford by Ronald L. Clower, Dallas, for appellant.

Henry Wade, Dist. Atty., Edgar A. Mason, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and John B. Tolle, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was found guilty by a jury of the offense of robbery with firearms. The punishment was set by the court at 99 years on March 28, 1969, but on August 14, 1970, an order was entered by the court reducing the punishment from 99 years to 40 years. Appellant was re-sentenced at that time.

This is appellant's second trial for the same offense. His prior conviction was reversed by this Court. Miller v. State, 424 S.W.2d 430 (1968).

At the first trial, the penalty was set by a jury at forty years. On re-trial, the penalty was set by the court.

■ Appellant alleges as his first ground of error that the trial court erred in sentencing him, on re-trial, to a term of years (99) in excess of that which he received at his first trial (40 years).

We agree that the trial court erred in sentencing appellant to 99 years on re-trial. The United States Supreme Court has held in North Carolina v. Pearce, 395 U.S. 711, 726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656, (1969):

" * * * whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant *occurring after the time of the original sentencing proceeding*. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." (Emphasis added)

No such affirmative showing appears in the record of the present case. Therefore, in light of North Carolina v. Pearce, supra, the increased sentence was illegal. The present case is distinguishable from several cases in which this Court has upheld an increased sentence on re-trial because, in those cases, the increased sentence was given by a jury, e. g., Fuery v. State, 464 S.W.2d 666 (Tex.Cr.App., 1971); Casias v. State, 452 S.W.2d 483 (Tex.Cr.App., 1970); Gibson v. State, 448 S.W.2d 481 (Tex.Cr.App., 1969); Branch v. State, 445 S.W.2d 756 (Tex.Cr.App., 1969).

We feel, however, that a reversal on this ground is not required in this case because the remedy which we could grant has already been given by the trial court.

■ Appellant's next ground of error, which was raised in a supplemental brief, contends that the trial court was without authority to order a reduction in his sentence and to re-sentence him to forty years (the sentence which he received at the first trial). He claims that the only relief which the trial court could have properly given him would have been the granting of a new trial. He also claims that reversal is now the only proper remedy on appeal.

We have held, in cases where the punishment was set by the court and the only error concerned the punishment given, that this Court need not order a reversal of the conviction but may remand for proper assessment of punishment by the judge. Brumfield v. State, 445 S.W.2d 732, 740 (Tex.Cr.App., 1969); Wheat v. State, 442 S.W.2d 363 (Tex.Cr.App., 1969); Baker v. State, 437 S.W.2d 825 (Tex.Cr.App., 1969); Johnson v. State, 436 S.W.2d 906 (Tex.Cr.App., 1968). We do not see the necessity of remanding this case to the trial court for a re-assessment of punishment. To do so would be to require the doing of a useless act. The trial judge, in reducing the original sentence, has already done that which he would be expected to do on remand.

We fail to perceive any harm to appellant by the trial court's action. Appellant does not show that he was denied the opportunity to present evidence at the punishment phase of his trial. He merely protests the court's action in re-sentencing him. Absent a showing of harm, we find no reversible error.

■ Appellant contends, in his second ground of error, that evidence of a prior felony conviction offered to show his prior criminal record was improperly admitted. He claims that the State did not prove that the conviction was final.

In support of its allegation of a prior conviction, the State introduced from the records of the Texas Department of Corrections certified copies of the judgment and sentence together with fingerprint and photograph records. A fingerprint examiner testified that the fingerprints in the records were identical with those of appellant which he had taken that day, and which were admitted in evidence.

This method of proof was proper, e. g., Rinehart v. State, 463 S.W.2d 216 (Tex. Cr.App., 1971); Johnson v. State, 435 S. W.2d 512 (Tex.Cr.App., 1969); Vessels v. State, 432 S.W.2d 108 (Tex.Cr.App., 1968).

The judgment and sentence appear regular on their face. Appellant offered no evidence to indicate that the conviction was not final. In fact, he did not even object to the admission of the records.

This Court has held that, when the proof of the prior conviction is sufficient on its face, the lack of finality of the conviction becomes a matter of defense subject to proof; e. g., Johnson v. State, 435 S.W.2d 512 (Tex.Cr.App., 1969); Smothermon v. State, 383 S.W.2d 929 (Tex.Cr.App., 1964). Such proof not being offered by appellant, no error is shown.

■ Appellant's third ground of error is that he was denied the presence of witnesses to testify in his behalf. The record reflects that a subpoena was issued for several witnesses to appear on February 5, 1969, the date this case had been set for trial. However, the case was tried on February 3, 1969. The record does not show whether these witnesses were present at the time of trial, nor does it show that appellant made a motion for a continuance. There is no showing as to what the testimony of these witnesses would have been had they testified. We find no error. Brito v. State, 459 S.W.2d 834 (Tex.Cr. App., 1970).

■ Appellant's fourth ground of error is that certain items were improperly admitted in evidence. He claims that these items were the fruits of an illegal search and seizure.

A Dallas police officer testified that while on patrol in a squad car at about 2:30 a. m., he observed a car travelling south on Central Expressway at an excessive rate of speed. He pursued the car, and determined that it was travelling at a rate of about 90 miles per hour (the speed limit at that location was 50 miles per hour). The car exited from the expressway, ran a blinking light, and was stopped by the officer. During the chase, the officer observed a passenger in the rear seat of the car (the appellant) changing his clothes. As the officer approached the car, he could see a quantity of money in a cap through the window of the car. The officer asked the driver to produce a driver's license; the driver said that he did not have a license. The officer then searched the car and found the remaining items (a pistol, and some items of clothing identified by other witnesses as those worn by appellant during the robbery).

The traffic violation, the suspicious act of the passenger in changing clothes, and the money in the cap, which was in open view, under the circumstances, were sufficient to constitute probable cause for the search and arrest. Bowling v. State, 438 S.W.2d 930 (Tex.Cr.App., 1969); Breckenridge v. State, Tex.Cr.App., 460 S.W.2d 907; Taylor v. State, 421 S.W.2d 403 (Tex.Cr.App., 1967).

■ Appellant's fifth ground of error alleges that he was denied the right to file formal bills of exception and is therefore unable to present certain issues which do not appear in the record.

The record reflects that the requested bills were filed after 90 days from the date of notice of appeal had expired. No extension of time for filing appears in the record. The procedure set forth in Art. 40.09(6) (a), Vernon's Ann.C.C.P., not having been followed, the bills are not before us for review.

Appellant complains in his last ground of error that the trial court refused his request to have the court reporter record the testimony on voir dire examination of prospective jurors. The record reflects that the request was properly made. The trial judge denied the request and stated that a reporter would be available if either side desired him to take specific voir dire or had any objections to any jurors which he dismissed or failed to dismiss for cause.

Art. 40.09(4), V.A.C.C.P., requires that the court reporter record the voir dire examination, upon request. However, absent a showing of harm or prejudice, failure to comply with a defendant's request is not reversible error. McClain v. State, 432 S. W.2d 73 (Tex.Cr.App., 1968); Williams v. State, 418 S.W.2d 837 (Tex.Cr.App., 1967); Morris v. State, 411 S.W.2d 730 (Tex.Cr.App., 1967).

In this case, there is no showing that appellant, as a result of the trial court's order was deprived of any informal bills of exception reserved during voir dire examination nor is there any suggestion that anything occurred on voir dire to the detriment of appellant.

The appellant having specified no error to which the statement of facts of the voir dire examination would be relevant, we cannot conclude that error of the trial court was reversible. Morris v. State, supra.

We do not mean to imply that we approve the action of the trial court in refusing to comply with Art. 40.09, Sec. 4, V.A. C.C.P. The rule should be followed. However, in the instant cause, no harm is shown.

There being no reversible error, the judgment is affirmed.

DOUGLAS, J., not participating.