Leslie Edward **PAYTON**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 47651.

Court of Criminal Appeals of Texas.

March 20, 1974.

———◆———

Herbert Green, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., and John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

RALEIGH BROWN, Commissioner.

The conviction which forms the basis for this appeal was aggravated assault on a child. The punishment was assessed by the court at one year in the county jail after a jury finding of guilty.

The sufficiency of the evidence has not been challenged.

The record reflects that this case has been tried twice. In the first trial the jury found the appellant guilty and the court sentenced him to thirty days in jail. A new trial was granted by the trial court and the same judge tried and sentenced the appellant in this the second trial.

Appellant urges that the increase in the punishment from thirty days in jail to one year in jail violates his constitutional rights. We agree.

The United States Supreme Court in North Carolina v. Pearce, 295 U.S. 711, 726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656 (1969), has held:

" ' . . . whenever a judge imposes a more severe sentence upon a defandant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.' "

In following Pearce this Court in Miller v. State, 472 S.W.2d 269 (Tex.Cr.App. 1971) emphasized "occurring after the time of the original sentencing proceeding." Although the record in the case at bar established that the trial court exerted every effort to avoid the vindictiveness that Pearce was designed to prevent, the reasons given for imposing a more severe

sentence upon appellant failed to include any "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding."

The other grounds of error have been considered and are overruled. The judgment is affirmed except as to punishment. The cause is remanded for the. assessment of punishment by the trial court in accordance with North Carolina v. Pearce, supra.[1]

Approved by the Court.

1. See Ocker v. State, Tex.Cr.App., 477 S.W.2d 288, and Miller v. State, Tex.Cr.App., 472 S. W.2d 269.