**J. W. GAMBLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48284.

Court of Criminal Appeals of Texas.

May 15, 1974.

———◆———

Lawrence B. Mitchell and Tom M. Shaw, Dallas, for appellant.

Henry Wade, Dist. Atty. and William L. Hubbard, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for murder; the punishment, imprisonment for thirty-five years.

The evidence shows that the appellant shot and killed his wife. His main defense was insanity.

In his third ground of error the appellant contends that hearsay evidence admitted over his timely objection was so harmful and prejudicial as to require a reversal of the judgment. We agree.

A four page Order of Service of the deceased's funeral was admitted into evidence over a timely objection that it was hearsay evidence which was harmful and prejudicial to the appellant. The Order of Service, bearing a picture of the deceased on the front, also contained an obituary section and the family's words of appreciation to friends for their kindnesses during the family's bereavement. We hold the admission of this clearly inadmissible evidence to be so harmful as to require reversal. See and compare Barber v. State, 481 S.W.2d 812 (Tex.Cr.App.1972); Pannell v. State, 477 S.W.2d 586 (Tex.Cr.App.1972); Brooks v. State, 475 S.W.2d 268 (Tex.Cr.App.1972).

We need not discuss the other grounds of error concerning jury selection, jury misconduct and the Court's charge as the matters raised in these grounds of error are not likely to recur in the event of another trial.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

MORRISON, Judge (dissenting).

I cannot understand why the Order of Service was offered or why it was received in evidence in this case. Both the

offer and the receipt demonstrate poor taste, but in my judgment do not constitute reversible error.

I have examined the document and find nothing injurious to appellant contained therein. This should be the test of reversible error.

There is no injury to appellant for the further reason that no showing has been made that this exhibit was read to or by the jury, passed to the jury or ever made its way into the jury room.

I dissent to the reversal of this conviction.