UNITED STATES of America,
Plaintiff-Appellee,

v.

Henry FLOYD, Jr.,
Defendant-Appellant.

No. 74–3568.

United States Court of Appeals,
Fifth Circuit.

Sept. 18, 1975.

Rehearing and Rehearing En Banc
Denied Nov. 17, 1975.

Stephen A. Kermish, Atlanta, Ga., for defendant-appellant.

Wayman G. Sherrer, U. S. Atty., John S. Salter, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before COLEMAN, MORGAN and CLARK, Circuit Judges.

CLARK, Circuit Judge:

The question posed in this appeal is the applicability of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) as it has been interpreted to date. Following Henry Floyd, Jr.'s successful collateral attack, he was reconvicted for the same offense by a jury. A second and different judge then ordered him imprisoned for a period longer than the sentence which had been initially imposed, and failed to specifically credit the time already served by Floyd on his first conviction. In imposing the more punitive sentence, the second judge specifically disavowed and affirmatively avoided any knowledge of the length of the earlier sentence. Notwithstanding this prophylactic action, the second sentencing judge has run afoul of *Pearce's* rule. We remand for resentencing.

Following his plea of guilty to charges of two separate sales of heroin, Henry Floyd, Jr., was sentenced by United States District Judge J. Foy Guin to ten years imprisonment plus a special parole term of three years under 21 U.S.C. § 841(b)(1)(A).[1] On Floyd's 28 U.S.C. § 2255 petition, Judge Guin ordered Floyd's sentence vacated since Floyd had not been advised of the special parole term prior to acceptance of the plea. After Judge Guin withdrew Floyd's guilty plea and entered a plea of not guilty, Floyd was accorded a jury trial before United States District Judge Clarence W. Allgood. The jury found him guilty on both counts and Judge Allgood sentenced him to fifteen years imprisonment and a special parole term of three years on each count, to run concurrently.[2]

Floyd and his attorneys[3] raise several issues on appeal which we find to be without merit.[4] Only the application of *North Carolina v. Pearce* warrants discussion.

Floyd argues that his higher reconviction sentence violated both rules of

---

1. This sentence was specifically subject to 18 U.S.C. § 4208(a)(2) which made defendant eligible for parole at discretion of parole board anytime during his sentence.

2. Although it is not mentioned in the written Judgment and Commitment order, the transcript records Judge Allgood as having stated that Floyd "must serve one-third of . . . [his] sentence before he's eligible for parole [,]" the statutory designation set out in 18 U.S.C. § 4208(a)(1).

 We also note that although Floyd was indicted and tried for violations of 21 U.S.C. § 841(a)(1), the Judgment and Commitment order states he was sentenced under 21 U.S.C. § 952(a).

3. Five briefs have been filed on Floyd's behalf in this appeal. Floyd has himself filed three separate *pro se* briefs. His trial attorney filed one brief; a second attorney was appointed and filed yet another brief when Floyd, in one of his *pro se* briefs, assigned as error the ineffective assistance of his trial counsel.

4. Floyd asserts that: the evidence was insufficient to disprove his alibi defense and prove him guilty beyond a reasonable doubt; the required *Miranda* warnings were given improperly; the two revolvers taken at the time of his arrest were illegally seized, and mention of them erroneously allowed into evidence at his trial; there was no tangible evidence to prove that the substance allegedly sold was heroin; he was denied the effective assistance of counsel; it was error for the court reporter to fail to transcribe the closing arguments. Finally, arguing that a rule of this circuit [*United States v. Ewing*, 480 F.2d 1141, 1143 (5th Cir. 1973)] requires sentencing by a different judge, Floyd contends that the sentencing judge was obligated to review all pertinent circumstances, including Floyd's previous sentence, and that the judge's specific non-consideration of his first sentence denied him due process and a fair trial.

 Floyd's second attorney complains that Floyd's trial counsel rendered ineffective assistance and that the government failed to establish a proper chain of custody for the heroin allegedly to have been sold.

*Pearce.* First, the judge failed to base his action on objective information of identifiable conduct by Floyd occurring after the time of the original sentence in order to justify the stiffer sentence. Second, the judge failed to give him credit for the time he had already served on his first sentence.

Judge Allgood's relevant comments at sentencing were as follows:

Well, I have, as I told you in chambers, in this particular case as I do in all cases in determining punishment I talked pretty freely with the defense counsel, District Attorney, Probation Officer. I read the pre-sentence report and need all the help I can get. It's not a pleasant duty for a judge to have to sentence anybody to the penitentiary, however, it's the duty that he does have.

In considering what sentence I was going to impose in this case, I have specifically asked and told everybody that I did not want to know anything about the circumstances in connection with his plea before another judge in this court. I understand and all I know about it is that he entered a plea of guilty and that it was later set aside. The fact that he has stood trial in no way influences my sentence and my thinking of what sentence he should receive, because every man has a right to trial and I sure don't ever get mad at anybody for going to trial.

I'm basing my decision as to the sentence in this case on what I have done in similar cases in the past, on the evidence that was presented to me here in this courtroom and on the offense, what it was, purely and simply.

■ Absent vindictiveness or the possibility of vindictiveness, more severe sentences imposed following reconviction are constitutionality valid. *Chaffin v. Stynchcombe,* 412 U.S. 17, 29, 93 S.Ct. 1977, 1984, 36 L.Ed.2d 714 (1973); *Colten v. Kentucky,* 407 U.S. 104, 116, 92 S.Ct. 1953, 1960, 32 L.Ed.2d 584 (1972); *North Carolina v. Pearce,* 395 U.S. 711, 723, 89 S.Ct. 2072, 2079, 23 L.Ed.2d 656 (1969).

■ *Blackledge v. Perry,* 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974), most recently reaffirmed this principle thus:

The lesson that emerges from *Pearce, Colten* and *Chaffin* is that the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic likelihood of "vindictiveness" . . . The question is whether the opportunities for vindictiveness in this situation are such as to impel the conclusion that due process of law requires a rule analogous to that of the *Pearce* case.

*Blackledge* reiterated the holding of *Pearce* as follows:

The rationale of our judgment in the *Pearce* case, however, was not grounded upon the proposition that actual retaliatory motivation must inevitably exist. Rather, we emphasized that "since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." 395 U.S. at 725, 89 S.Ct. at 2080.

417 U.S. at 28, 94 S.Ct. at 2102. Where a realistic likelihood of vindictiveness exists, *Pearce* lays down this requirement:

In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

395 U.S. at 726, 89 S.Ct. at 2081.

The meaning of *Pearce* for today's case must take into account that the second sentencing judge in *Pearce* was a different judge from the first sentencing judge.[5] But here, unlike *Pearce*, the record shows that the second sentencing judge affirmatively avoided knowledge of the original sentence. Such lack of knowledge is clearly probative of an absence of actual vindictiveness. However, the broader question we face is whether, in and of itself, such intentional insulation (together with the judge's independent basis for his more severe sentence) so negates the possibility of vindictiveness as to render unnecessary *Pearce's* prophylactic showing that subsequent conduct was the basis for the increase.

In *Chaffin v. Stynchcombe,* the Court approved the imposition of a longer sentence by a second jury under a Georgia court system procedure which allows juries to both determine guilt and fix punishment. This approval was premised upon four factors which assured that the hazard or possibility of vindictiveness was absent. The second jury: (1) will not be informed of the prior sentence, (2) will not know whether the prior trial was on the same charge, or whether it resulted in a conviction or mistrial, (3) is a separate and distinct judicial authority having no personal stake in the prior action and no motivation for self-vindication, (4) is unlikely to be sensitive to the institutional interests that might occasion higher sentences by a judge desirous of discouraging what he regards as meritless appeals. *See also Colten v. Kentucky,* which approved a harsher sentence as a result of a trial *de novo* by a different court in a two-tier court system.

The second and fourth of the insulations which *Chaffin* found adequate are missing when a second, different judge acts, albeit without any knowledge of what the first sentence may have been. We unhesitatingly and unqualifiedly accept the fact that Judge Allgood knew nothing of what length of sentence Judge Guin had imposed upon Floyd pursuant to his plea of guilty. Although this fact bears heavily upon the lack of actual prejudice, we need not decide that issue. The principle of *Pearce* stems from a different premise—when the potential for vindictiveness appears real and present the right to direct or collateral review is also impermissibly stifled. It is the ground of potential or likely vindictiveness which makes the case at bar indistinguishable from *Pearce.*

As Part II C of *Chaffin* emphasizes, every retrial carries the hazard of an increased sentence and thus could be said to deter a defendant in choosing to assert his right to appeal from or collaterally attack his conviction. But this hazard does not bar every retrial.

 Recent Supreme Court rulings teach us, in making the critical evaluation of potential vindictiveness, to look past the individuals involved or the precise facts present in a particular situation to determine whether or not the realistic possibility of vindictiveness inheres in the institution or system under scrutiny. Thus far, the Court has ruled the possibility of vindictiveness does not inhere in more stringent sentences imposed by different juries (*Chaffin*), or by different courts in a trial *de novo* appeal system (*Colten*). However, it barred a stiffer punishment by the same court (*Pearce*) and it condemned the practice of reindicting the defendant on a more serious charge following his appeal to secure a *de novo* trial (*Blackledge*).

In making the critical determination of potential vindictiveness, we must look past the individuals involved or the precise facts present in a particular situation. The focus should be upon the institutional interests involved and procedures to be followed. The "system" we analyze in the case at bar is one in which, upon retrial, another judge of the same court will handle the imposition of punishment without knowledge of what

---

**5.** Judge McLaughlin replaced Judge Williams on the second trial. *State v. Pearce,* 268 N.C. 707, 151 S.E.2d 571 (1966).

the first judge had done. Such a system really cannot be distinguished from the two-judge facts condemned in *Pearce.* The same sort of hazard exists that defendants will be deterred in exercising their right to seek review because of a reasonable apprehension that judges who work together daily and must preside at each other's retrials will have a stake in discouraging such reviews.

■ Because *Pearce* is applicable, we must look past Judge Allgood's actual impartiality toward Floyd's sentencing to determine whether he complied with *Pearce's* requirement to exemplify facts which demonstrated a post first-sentencing basis for the increased sentences meted out. The only objective basis for the second sentence which appears as a matter of record is Judge Allgood's statement that his sentence was based on (1) what he had done in similar cases in the past, (2) the evidence that was presented and (3) the offense. Obviously, the judge did not consider the proceedings before him to be within *Pearce's* strictures, because these bases do not come close to disclosing "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." The sentences must be vacated and the cause remanded for proceedings consistent with *Pearce.*

■ The second sentencing issue is more succinctly resolved. Credit for time served should not be implied since the maximum sentence was imposed on each count. *Cf., Parker v. Estelle,* 498 F.2d 625 (5th Cir. 1974). The sentence pronounced did not specifically require credit. It should have. *North Carolina v. Pearce, supra,* 395 U.S. at 718–719, 89 S.Ct. at 2077. Whatever sentences are imposed on remand should specifically give Floyd credit for the time served on his first conviction.[6]

Vacated and remanded.

COLEMAN, Circuit Judge (concurring in part and dissenting in part).

I agree that Floyd should have been given credit for the time served, but from that point onward I regret to find myself in disagreement with the majority opinion.

Floyd pleaded guilty to two separate sales of heroin. There was nothing wrong with the plea except that prior to its acceptance Floyd had not been advised of the special parole term. This omission went only to the extent of his punishment, it had nothing to do with the guilt which he had confessed, but for this omission the guilty plea was set aside at the District Court level.

Floyd then requested a trial. The jury found him to be as guilty as his previous plea had admitted him to have been. When his legal maneuvers netted a more severe sentence than he had received the first time Floyd, quite naturally, was unhappy.

So, after he has once judicially confessed his guilt and after he has subsequently met with a jury adjudication to the same effect, he again repairs to the Temple of Justice, complaining that a Judge wholly ignorant of the prior sentence could not legally assess a more severe sentence, and this despite a full development of the facts ordinarily absent on a plea of guilty.

The majority opinion quite correctly states that in the absence of vindictiveness or possibility of vindictiveness more severe sentences imposed following re-

---

**6.** "Such credit must, of course, include the time credited during service of the first prison sentence for good behavior, etc." *North Caro-* *lina v. Pearce,* 395 U.S. at 719 n. 13, 89 S.Ct. at 2077 n. 13.

conviction are constitutionally valid (citing cases). It then proceeds to quote *Blackledge v. Perry* [417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974)] to the effect that due process is offended "only by those [possibilities] that pose a realistic likelihood of 'vindictiveness' ".

I am of the firm, unequivocal view that Floyd's resentencing is affirmatively shown to have been utterly bereft of any "realistic likelihood of vindictiveness", hence I would affirm the judgment of the District Court, except, of course, for giving credit for the time served.

In fact, at sentencing Judge Allgood expressed his concern for this appellant when he made the following remarks:

"I'm going to recommend an institution for you to serve this sentence where you can, if you wish, complete your education and where if you need any assistance physically, medical assistance, you can get it. I don't know. I make no decision about that. I recommend that this sentence be served in Texarkana."

I am unwilling to accept as a matter of law the idea expressed in the majority opinion that there can be "a reasonable apprehension that judges who work together daily and must preside at other's retrials will have a stake in discouraging such reviews".

Moreover, it stands wholly unsupported by the facts in this case. Judge Allgood's solemn statements totally refute any such notion. If Floyd, for his own advantage, wishes to interpret those statements in some other manner, I would remain wholly unperturbed. The facts surrounding Floyd's guilt were not developed in the guilty plea proceedings; they were fully developed in the trial which Judge Allgood heard. I think the trial judge is as entitled to consider these facts as he is to consider post conviction conduct as per *Pearce*.

Except for credit for time served, I would let this sentence stand unaltered.