**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles Stafford JACKSON and Jarrell Jennings, Defendants-Appellants.**

**No. 75–3135.**

United States Court of Appeals,
Fifth Circuit.

Aug. 5, 1976.

Emmett Colvin, Dallas, Tex., for defendants-appellants.

Frank D. McCown, U. S. Atty., Ft. Worth, Tex., William F. Sanderson, Jr.,

Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before DYER, CLARK and GEE, Circuit Judges.

GEE, Circuit Judge:

This appeal involves a complicated mail fraud scheme in which the defendants allegedly sold "area managerships" for a Champion Oil Company that was to build service stations, issue credit cards, and sell oil products. No service stations were actually operated, and no products were ever marketed. But many victims responded by mail and otherwise to Champion's newspaper ads across the country, investing thousands of dollars for the privilege of becoming area managers for a bogus oil company. Two co-defendants pled guilty to two counts of mail fraud. Appellants Jackson and Jennings presented a "good faith" defense. The jury found them guilty of seven counts of mail fraud, 18 U.S.C. § 1341, and one count of conspiracy, 18 U.S.C. § 371, and they were sentenced to concurrent five-year prison terms.

## LIMITING INSTRUCTION ON CONSPIRATORIAL HEARSAY

Appellants argue that the trial court committed reversible error in refusing to give a limiting instruction at the time certain hearsay evidence was admitted. They rely on *Apollo v. United States,* 476 F.2d 156 (5th Cir. 1973), which concerned declarations of coconspirators admitted against defendant Apollo to connect him with a conspiracy before the *existence* of the conspiracy had been established by independent evidence.[1] Declarations of coconspirators may not be used to establish the conspiracy itself. To guard against the danger of bootstrapping, *Apollo* requires that a cautionary instruction be given, if requested, at the time extrajudicial declarations of coconspirators offered for the truth of the matter asserted therein are admitted against an alleged conspirator prior to the establishment of the conspiracy by independent evidence. "An instruction at the end of the trial cannot correct the erroneous refusal to give the proper cautionary instruction when it was first requested." *Apollo, supra* at 163–64.[2]

But appellants' reliance of *Apollo* is misplaced because none of the cautionary instructions they requested were directed to statements of coconspirators offered for the truth of the matters stated therein. Most of defense counsel's objections were directed to extrajudicial statements not of alleged coconspirators but of victims of the fraudulent scheme, or of employees who were not charged with knowledge of the fraud. Objections to one letter and two management agreements signed by coconspirator Morton come closer to fitting into the *Apollo* category, but they did not implicate these defendants and were offered only to establish the pattern of operation of Champion Oil Company. Thus, they were not hearsay, which is an extrajudicial statement offered to establish the truth of what it asserts. "*Apollo* addresses the prejudice resulting from hearsay" and does not read upon "extrajudicial acts and statements . . . not introduced to prove the truth of the matter asserted." *United States v. Moore,* 505 F.2d 620, 623–24 (5th Cir. 1974).

---

1. At the time of trial extrajudicial statements of coconspirators were admissible as exceptions to the hearsay rule. According to the new Federal Rules of Evidence, such statements are *not hearsay*:

    Rule 801. *Definitions*
    The following definitions apply under this article:

        \*    \*    \*    \*    \*    \*

    (d) *Statements which are not hearsay.* A statement is not hearsay if—

        \*    \*    \*    \*    \*    \*

    (2) *Admission by party opponent.* The statement is offered against a party and is . . .
    (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.
    Effective July 1, 1975.

2. But see *United States v. Moore,* 505 F.2d 620 (5th Cir. 1974), which holds that failure to give a limiting instruction to out-of-court declarations of coconspirators is not plain error when no instruction was requested.

Therefore, the guidelines of *Apollo* do not apply, and it was not error for the trial court to refuse to give the requested cautionary instruction when the evidence was admitted.

## MOTION FOR ACQUITTAL ON COUNTS 6 AND 7

■ Counts 6 and 7 rest solely on letters mailed by would-be victims in response to Champion Oil Company's newspaper ads. Appellants moved for acquittal on the grounds that there was no evidence to connect them with placing the ads that solicited the mail inquiries. It is not essential that appellants placed the ad that caused the letter to be mailed; it is only essential that appellants were a part of a scheme that envisioned using the mail. By one witness' testimony, both Jackson and Jennings were active in the company at the time the letters were mailed on October 9 and 10, 1972. In *Atkinson v. United States,* 344 F.2d 97 (8th Cir. 1965), faced with a similar scheme involving newspaper ads that solicited mail inquiries, the court held: "It is sufficient that the use of the mail was caused by defendants in furtherance of the fraudulent scheme." *Id.* at 99. The trial judge did not err in overruling the defendants' motion to acquit on Counts 6 and 7.

## MOTION FOR ACQUITTAL ON COUNT 8

■ Count 8 involved mailing a telegram to a Mr. Sawyer on August 24, 1972. Jennings moved for acquittal on that count because he had been employed by Champion only three days at the time. He pleads lack of knowledge or intent at that time, even if he was later drawn into the scheme. The government points to the evidence supporting early involvement by Jennings in the scheme: (1) his prior credit card operation with defendant Morton; (2) his initial position as vice-president in charge of promotion and in charge of the office and his meteoric rise to president of the company within ten days; and (3) his false representations to other prospects about the same time the telegram to Sawyer was mailed. This is sufficient evidence for a jury to infer Jennings' knowledge of the fraudulent scheme from the beginning.

## ADMISSIBILITY OF CONVERSION EVIDENCE

■ Appellants argue that the trial court erred in not granting their motion in limine to keep out evidence that they converted a $10,000 check to Champion to their private use. The conversion occurred after any mail fraud and is not an element of that offense, but as the government points out, such evidence is relevant to appellants' claim that they were mere employees with no knowledge of the fraudulent scheme. It was admitted with a limiting instruction. Evidence of other offenses is admissible to show intent or knowledge, and it was properly admitted for that purpose here.

> Conversion of money to the defendant's private use was not an essential element to be proved by the Government, although evidence of such misappropriation is clearly relevant and admissible.

*United States v. Painter,* 314 F.2d 939, 942 n.5 (4th Cir. 1963) (citations omitted).

## THE BULLET–PROOF VEST

■ Appellants complain of the failure of the government to reveal that coconspirator Robinson had turned over a bullet-proof vest to the prosecutor. This vest allegedly connected Champion Oil Company with some undercover investigation by special agents of the Bureau of Alcohol, Tobacco and Firearms. Appellants say the failure to disclose the vest violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). To prevail under *Brady,* appellants must show not only that the vest was favorable but also that it was material. *United States v. Frick,* 490 F.2d 666, 671 (5th Cir. 1973). Since this is a situation in which no request was made for *Brady* material, we are governed by the standards of materiality recently set forth by the Supreme Court in *United States v. Agurs,* —— U.S. ——, 96 S.Ct. 2392, 2401, 49 L.Ed.2d 342, 44 U.S.L.W. 5013, 5017 (U.S., June 23, 1976):

> The proper standard of materiality must reflect our overriding concern with

the justice of the finding of guilt. Such a finding is permissible only if supported by evidence establishing guilt beyond a reasonable doubt. It necessarily follows that if the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. This means that the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial.

We agree with the trial judge's opinion that in the context of this record the evidence of the bullet-proof vest does not create a reasonable doubt of appellants' guilt. Finding no justification for a new trial, we hold that the motion for new trial was properly denied.

### INSUFFICIENT EVIDENCE

Finally, we reject appellant Jennings' complaint of insufficient evidence to prove his knowing participation in the fraudulent Champion Oil scheme. The record indicates ample evidence on which the jury could rely to disbelieve each appellants' "good faith" defense. Accordingly, the convictions of both are

AFFIRMED.