J. W. GAMBLE, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 76–2994
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 29, 1977.

J. W. Gamble, pro se.

John L. Hill, Atty. Gen., John Pierce Griffin, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Petitioner appeals the district court's denial of his petition for writ of habeas corpus. 28 U.S.C.A. § 2254. Petitioner was originally convicted of murder with malice aforethought and sentenced by a jury to 35 years imprisonment. Following a reversal of his conviction, *Gamble v. Texas*, 509 S.W.2d 355 (Tex.Cr.App.1974), his retrial before a different jury resulted in a second verdict of guilty and a sentence of 50 years imprisonment. This conviction was affirmed by the Court of Criminal Appeals. *Gamble v. Texas*, 528 S.W.2d 132 (Tex.Cr. App.1975). Petitioner challenges the jury's imposition of a harsher sentence on retrial on three grounds: (1) the United States Magistrate applied the wrong standard in reviewing his petition for writ of habeas corpus; (2) the record of the second trial

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

does not contain a factual basis to support the increased sentence; and (3) evidence withheld at the first trial was improperly used at the second trial to obtain his conviction and an increased sentence. We affirm.

■ *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), reaffirmed the holding of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), that the guarantee against double jeopardy places no restriction upon the length of a sentence imposed on reconviction, absent vindictiveness. The Court in *Chaffin*, however, held that due process did not require the extension of *Pearce* -type restrictions to jury sentencing. This holding was premised on the following four factors which assure the absence of vindictiveness on the part of a second jury. The second jury (1) will not be informed of the prior sentence, (2) will not know whether the prior trial was on the same charge, or whether it resulted in a conviction or a mistrial, (3) is a separate and distinct judicial authority having no personal stake in the prior action and no motivation for self-vindication, and (4) is unlikely to be sensitive to the institutional interests that might occasion higher sentences by a judge desirous of discouraging what he regards as meritless appeals. *Chaffin v. Stynchcombe, supra*, 412 U.S. at 26–27, 93 S.Ct. 1977; *United States v. Floyd*, 519 F.2d 1031, 1034 (5th Cir. 1975).

In the instant case, petitioner asserts that under *Pearce* the Magistrate applied the improper standard in finding, because the second jury had no knowledge of the previous trial, there was no violation of his constitutional rights. *Pearce*, however, involved resentencing by a judge, rather than a jury. Under the Supreme Court's holding in *Chaffin* the proper standard was applied.

Although the jury possibly could have inferred that petitioner had been previously tried, from defense counsel's statement that he was going to read a witness's testimony "from a prior time when he was under oath and sworn to tell the truth," there is no indication whatsoever that the jury had any knowledge of the prior conviction or of the length of sentence imposed. In *Chaffin* the Court accorded no weight to the fact the jury knew only of the earlier trial, when there was no indication it knew of the outcome of the trial or the sentence imposed. Without such knowledge, the increased sentence could not be attacked for vindictiveness, so that no factual basis for a greater sentence need be shown.

■ Petitioner complains that the prosecution withheld evidence at the first trial, which was improperly introduced at the second trial. Petitioner claims that based on *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), this action violated due process. The first trial, at which the evidence was allegedly withheld, was reversed. Petitioner cannot make a *Brady* claim as to evidence subsequently introduced at the second trial because under *Brady* the evidence would have had to be favorable and material to his defense such that its withholding constituted a denial of due process. *United States v. Jackson*, 536 F.2d 628, 631 (5th Cir. 1976). No such showing was made here.

AFFIRMED.