Sanford James
McCULLOUGH, Appellant,

v.

The STATE of Texas, Appellee.

No. 351–83.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 7, 1983.

Rehearing Denied Dec. 5, 1984.

Second Rehearing Denied Feb. 20, 1985.

Ed McConnell, Amarillo, for appellant.

Randall L. Sherrod, Dist. Atty. and Deane C. Watson, Asst. Dist. Atty., Canyon, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON DISCRETIONARY REVIEW ON THE COURT'S OWN MOTION

THOMAS G. DAVIS, Judge.

Appellant was convicted of murder in September 1980 and assessed punishment at 20 years confinement by the jury. Subsequently appellant's motion for new trial was granted and upon re-trial, appellant was again found guilty by a jury. Appellant elected to have the court assess punishment at the second trial, and the trial judge, who had presided at the first trial, assessed punishment at 50 years confinement. On appeal, the Amarillo Court of Appeals found that the increased punishment assessed by the court violated the principles of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).[1] The Court did not remand the case but instead granted appellant's requested reformation of the punishment to 20 years. See *McCullough v. State*. We granted review on our own motion under Art. 44.-45(a), V.A.C.C.P. to determine the authority of the Court of Appeals to reform the punishment.

Art. 44.24(b), V.A.C.C.P., provides:

"(b) The courts of appeals and the Court of Criminal Appeals may affirm the judgment of the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment or may enter any other appropriate order, as the law and nature of the case may require."

■ In *Bogany v. State*, 661 S.W.2d 957 (Tex.Cr.App.1983), we held that the authority of a court on appeal to reform a judgment under Art. 44.24, supra, does not extend to the situation where the error involves punishment unauthorized by law. A judgment or sentence may only be reformed "to cause those instruments to reflect the true finding of the fact finder when such a finding is reflected in the

verdict or, in a bench trial, the pronouncement of the court's finding." *Milczanowski v. State*, 645 S.W.2d 445, 447 (Tex.Cr. App.1983).

■ In the instant case the judgment of the trial court assessing 50 years confinement was found by the Court of Appeals to be unauthorized under *North Carolina v. Pearce*, supra. As such, the Court of Appeals was unable to reform the punishment and should have remanded the cause to the trial court for the proper assessment of punishment.[2]

Accordingly, the judgment of the Court of Appeals is reversed. The cause is remanded for assessment of punishment by the trial court in accordance with *North Carolina v. Pearce*, supra.

## OPINION ON STATE'S MOTION FOR REHEARING ON PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

The question presented on state's motion for rehearing is whether the presumption of vindictiveness established by *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), when a greater sentence is imposed following retrial, is applicable where a jury assesses punishment at the first trial, and a judge assesses punishment upon retrial.

In *Pearce*, a defendant who obtained a reversal of his conviction on appeal received a longer sentence from a judge on retrial than that originally imposed by the judge in the first trial. The United States Supreme Court stated that it would be a violation of the Due Process Clause of the Fourteenth Amendment for a trial court to impose a heavier sentence upon a reconvicted defendant "for the explicit purpose of punishing the defendant for his having succeeded in getting his original conviction set

---

1. Appellant's other grounds of error were overruled by the Court of Appeals.

2. Such procedure has been followed in opinions of this Court which have involved unlawful punishments under *North Carolina v. Pearce*, supra.

See e.g., *Lechuga v. State*, 532 S.W.2d 581 (Tex. Cr.App.1976); *Ex parte Bowman*, 523 S.W.2d 677 (Tex.Cr.App.1975); *Payton v. State*, 506 S.W.2d 912 (Tex.Cr.App.1974).

aside." 89 S.Ct. at 2080. The Court noted, however, that "[t]he existence of a retaliatory motivation would, of course, be extremely difficult to prove in any individual case." Id., n. 20. Thus the Court found it necessary to establish a prophylactic rule to protect defendants from actual vindictiveness as well as from the reasonable apprehension of vindictiveness that could deter a defendant from appealing a conviction:

"Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge."

"In order to assure the absence of such a motivation, we have concluded that *whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.* And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." Id., 89 S.Ct. 2080, 2081.

■ Simply stated, the rule of *Pearce* is that a greater sentence given by a judge after a new trial is presumptively vindictive, and therefore illegal, unless the judge affirmatively bases the increased sentence on identifiable conduct [1] on the part of the defendant occurring after the time of the original sentencing proceeding.

In the instant case appellant was convicted of murder in September 1980, and assessed punishment at 20 years' confinement by a jury. Appellant subsequently moved for a new trial alleging that the trial judge erred in not granting appellant's motions for mistrial asserted for improper jury argument and the prosecutor's cross-examination of a witness regarding a co-defendant's confession. The trial court granted the motion for new trial, and appellant was retried for the same offense, *before the same judge who presided at the first trial.* At the second trial the jury again found appellant guilty of murder. Unlike the first trial, however, appellant did not request jury sentencing, and therefore, the trial court was required to assess punishment under Art. 37.07, Sec. 2(b), V.A.C.C.P., which provides in pertinent part:

"[I]f a finding of guilty is returned, it shall then be the responsibility of the judge to assess punishment applicable to the offense; provided, however, that ... in ... cases where the defendant so elects in writing at the time he enters his plea in open court, the punishment shall be assessed by the same jury."

The trial court assessed punishment at 50 years, overruling appellant's contention that the 30 year increase in sentence contravened the holding in *North Carolina v. Pearce,* supra. After assessing punishment and sentencing appellant, the trial court entered an order in response to appellant's motion for findings of fact. In the order the trial court stated that it found *Pearce* inapplicable to the instant case "because the defendant voluntarily elected to have the jury, rather than the judge, set

---

1. The Supreme Court recently held that under *Pearce,* a sentence may be increased on retrial based on an intervening *event,* as well as on intervening *conduct. Wasman v. United States,* 469 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984). In *Wasman,* the Supreme Court upheld an increased sentence on retrial, where the intervening "event" relied on for the increased sentence was a conviction for a different offense, rendered after the first trial, but for conduct committed before the first trial, where the trial court stated that such conduct was not considered at the first sentencing proceeding.

punishment at the first trial." The court also set out findings of fact attempting to justify the increased sentence for the record in the event that *Pearce* was found to be applicable on appeal.

The Court of Appeals found *Pearce* to be applicable, and also found that the trial court's findings of fact did not satisfy *Pearce.* Accordingly, the Court of Appeals held that the increased sentence was illegal, and reformed the sentence from 50 years to 20. We initially reviewed the Court of Appeals' opinion on our own motion solely to determine the authority of the Court of Appeals to reform the punishment. We held that the Court of Appeals was without authority to reform a sentence "unauthorized by law" and remanded the cause to the trial court for resentencing in accordance with *Pearce,* supra.

The state does not contend on rehearing that the trial court's findings of fact in support of the increased sentence satisfy *Pearce.* Cf. *Wasman v. United States,* 469 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984). Rather, the state asserts that *Pearce* is inapplicable when a jury first assesses punishment and a judge subsequently assesses punishment upon retrial.

■ It is clear that the rule of *Pearce* is not applicable when upon retrial, a *jury* renders a higher sentence than originally imposed at the first trial. *Chaffin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973); see also *Casias v. State,* 452 S.W.2d 483 (Tex.Cr.App.1970); *Gibson v. State,* 448 S.W.2d 481 (Tex.Cr.App.1969). However, in holding *Pearce* inapplicable to jury resentencing, the Supreme Court in *Chaffin* noted three important distinctions: The Court stated that "[t]he first prerequisite for the imposition of a retaliatory penalty is knowledge of the prior sentence." *Chaffin,* supra, 93 S.Ct. at 1982. In *Chaffin,* it was conceded that the jury was not informed of the prior sentence, and thus this first prerequisite was not present. The Court specifically noted, however, that "[t]he State agreed at

oral argument that it would be improper to inform the jury of the prior sentence and that *Pearce* might be applied in a case which, either because of the highly publicized nature of the prior trial or because of some other irregularity, the jury was so informed." Id., at 1983, n. 14.

The second distinguishing factor noted by the Supreme Court in jury resentencing is that "the second sentence is not meted out by the same judicial authority whose handling of the prior trial was sufficiently unacceptable to have required a reversal of the conviction." Id. at 1983. Finally, the Court noted that "the jury is unlikely to be sensitive to the institutional interests that might occasion higher sentences by a judge desirous of discouraging what he regards as meritless appeals."

■ Applying these factors to the case at bar, we find that the three important considerations of *Pearce* found inapplicable to jury resentencing in *Chafin* are all present here: first, the trial judge obviously knew the sentence pronounced by the jury at the first trial, since she presided over the first trial. Second, the second sentence was in fact "meted out by the same judicial authority whose handling of the prior trial was sufficiently unacceptable to have required" a new trial. Finally, since the trial judge assessed punishment on retrial, the third element cited in *Chaffin* above is also present.

The state concedes that we have held *Pearce* to be applicable to precisely the same facts in *Miller v. State,* 472 S.W.2d 269 (Tex.Cr.App.1971). The state urges that *Miller* was wrongly decided. In light of the explicit language of *Chaffin,* supra, however, we cannot agree.

The fact that under Art. 37.07, Sec. 2(b), supra, appellant had a right to have the jury assess punishment on retrial, and chose not to do so, does not affect our determination; nor is it important that appellant chose to have the jury assess punishment at the first trial. As long as the

Legislature allows defendants to elect between jury or judge punishments, defendants should be allowed to make that choice without fear of vindictiveness.

The state next suggests that through its decisions in *Moon v. Maryland,* 398 U.S. 319, 90 S.Ct. 1730, 26 L.Ed.2d 262 (1970), (*Pearce* held inapplicable where defendant conceded no vindictiveness present); *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972) (*Pearce* held inapplicable in two-tier system involving trial de novo); and *Michigan v. Payne,* 412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973), (*Pearce* held not retroactive); the Supreme Court has retreated from the holding in *Pearce* and that *Pearce* is perhaps no longer viable. This contention is without merit. See *Wasman v. United States,* supra note 1, 469 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984).[2]

The state's final contention is that *Pearce* is inapplicable "to a situation where a different sentencing authority assesses the punishment on retrial." Thus the state challenges the validity of our decision in *Bingham v. State,* 523 S.W.2d 948 (Tex.Cr. App.1975), where we held *Pearce* to be applicable when a judge assessed punishment at the first trial, and a different judge assessed a greater punishment upon remand. The state apparently overlooks the fact that in *Pearce* itself, a different judge assessed the punishment upon retrial. See *State v. Pearce,* 266 N.C. 234, 145 S.E.2d 918 (1966); *State v. Pearce,* 268 N.C. 707, 151 S.E.2d 571 (1966); see also *Chaffin v. Stynchcombe,* supra, 93 S.Ct. at 1990, n. 4 (dissenting opinion).

In light of the foregoing, we conclude that the prophylactic rule set out in *North Carolina v. Pearce,* supra, is applicable to the instant case, and thus the state's contention on rehearing is overruled.

The state also asserts that we wrongly held on original submission that the Court

of Appeals was without authority to reform appellant's sentence. We are convinced that this issue was properly decided on original submission and overrule this contention.

The state's motion for rehearing is overruled.

2. Indeed in *Wasman,* in response to dicta in Chief Justice Burger's plurality opinion that *Pearce* only prohibits increased sentences based on *actual vindictiveness,* five Justices concurred, stating in substance that the *Pearce* presumption is not simply concerned with actual vindictiveness, but is also intended to protect against the reasonable apprehension of vindictiveness that could deter a defendant from seeking a new trial.